**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-204 |
| | ) | Civil No. 12-1214 |
| TEDDY V. DAVIS, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") filed by *pro se* Defendant Teddy V. Davis ("Defendant" or "Davis"). (Docket No. 195). Defendant seeks resentencing pursuant to § 2255 in light of *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011), and *Dorsey v. United States,* 132 S.Ct. 2321 (2012), which hold that the Fair Sentencing Act of 2010 ("FSA") applies to all defendants sentenced after its enactment date on August 3, 2010. (*Id*.). Defendant was sentenced after the enactment date of the FSA to a mandatory minimum of ten years under the prior version of 21 U.S.C. § 841(b)(1)(A)(iii), pursuant to a plea agreement with the Government. (*Id*.). Defendant admits that he agreed to waive his right to file a § 2255 motion but contends that the Court's sentence which did not account for the reduced penalties of the FSA resulted in a miscarriage of justice. (*Id*.). The Government agrees that the FSA should have applied to Defendant based on the Supreme Court's subsequent decision in *Dorsey* but opposes Defendant's Motion for two primary reasons. (Docket No. 201). The Government first asserts that Defendant's Motion is time-barred and second, contends that the collateral attack waiver in the plea agreement should be enforced. (*Id*.). Based on the following, the collateral attack waiver in Defendant's plea agreement will be enforced and, therefore, Defendant's Motion to Vacate [195] is DENIED.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 20, 2008, a federal grand jury returned a two-count indictment against Davis and two co-defendants, Eric D. Purnell and Darece N. Murphy, charging each with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 814(a)(1) and 841(b)(1)(A)(iii) (Count Two), for conduct occurring on October 13, 2007. (Docket No. 1). Both charges carried with them a statutory mandatory minimum penalty of ten years under the versions of the statutes at that time. *See* 21 U.S.C. §§ 814(a)(1) and 841(b)(1)(A)(iii) (2008). Defendant also had an extensive criminal history, including two prior convictions in 2000 and 2003 for possession with intent to distribute 50 grams or less of crack cocaine. (*See* Docket No. 170; *Presentence Investigation Report* ("PIR") at ¶ 24). Murphy pled guilty to Count One on September 24, 2008, (Docket No. 67), and was sentenced on January 23, 2009 to 120 months' incarceration, (Docket No. 82). Purnell pled guilty to Count One on November 12, 2009, (Docket No. 123) and was likewise sentenced to 120 months' incarceration on March 11, 2010, (Docket No. 135). Thus, both co-defendants received the statutory mandatory minimum sentence for their respective involvement in this case.

The FSA was enacted on August 3, 2010, reducing the statutory penalties for certain crack cocaine offenses. *See* FSA, Pub.L. No. 111-220,124 Stat. 2372 21 U.S.C. § 841 (2010). Relevant here, the quantity of crack cocaine necessary to invoke the 10-year statutory mandatory minimum sentence was increased from 50 grams of crack cocaine to 280 grams of crack cocaine. *Id.*

On December 28, 2010, pursuant to a written plea agreement with the Government, Defendant pled guilty to Count One of the Indictment. (Docket No. 166). As per the terms of the

plea agreement, the Government sought dismissal of Count Two, but the Defendant still "acknowledge[d] his responsibility for the conduct charged." (*Id.* at ¶ (A)(2)). The parties stipulated that the amount of crack cocaine in this case was more than 112 grams. (*Id.* at ¶ (C)(2)). Further, the Government declined to pursue the career offender enhancement against Defendant and also agreed to forego the filing of an Information pursuant to 21 U.S.C. § 851, which would have the effect of increasing the applicable statutory penalties. (*Id.* at ¶ (B)(4)). If the career offender guideline applied, based on a base offense level of 34 and criminal history category of VI, the advisory guideline range was 262 to 327 months. (PSIR at ¶ 57). However, the Government's concessions in the plea agreement resulted in the Court's calculations of: an offense level of 27; a criminal history category of III; and, a significantly lower advisory guideline range of 87 to 108 months. (Docket No. 177 at 9). Nonetheless, the parties had agreed that the charged offense carried a statutory mandatory minimum of no less than ten years, making the advisory guideline range 120 months. *See* U.S.S.G. § 5G1.1(a).

The plea agreement contained certain waivers of appeal and a collateral attack waiver, which Defendant knowingly and voluntarily agreed to, specifically:

> Teddy V. Davis waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
> a. If the United States appeals from the sentence, Teddy V. Davis may take a direct appeal from the sentence.
> b. If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Teddy V. Davis may take a direct appeal from the sentence.
> Teddy V. Davis further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

(*Plea Agreement* at ¶ (A)(6)). The plea agreement concludes, stating that "[t]his letter sets forth the full and complete terms and conditions of the agreement between Teddy V. Davis and the

United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied." (*Id*. at 5). Further, Defendant asserted that:

> I have received this letter from my attorney, Alonzo Burney, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

(*Id.*). The agreement is executed by Teddy V. Davis on 12/28/10 and signed as witnessed by: Alonzo Burney, Esquire, Counsel for Teddy V. Davis. (*Id.*).

A change-of-plea hearing was held before the undersigned on December 28, 2010. (Docket No. 166). During this hearing, the Court conducted its typical colloquy through which the Court directly questioned Defendant regarding the plea agreement, including whether he had: read the plea agreement; understood its contents; reviewed it with his counsel; asked his counsel any questions about the agreement and if his counsel had answered any such questions; and, affixed his signature to the final page. (Trans. Hr'g 12/28/10 at 13-15). Defendant answered affirmatively to all of the Court's questions. (*Id.*). Government counsel then read the salient terms of the plea agreement on the record, specifically stating that the Petitioner agreed to waive his right to file a motion to vacate sentence pursuant to 18 U.S.C. § 2255 and his right to take a direct appeal, subject to limited exceptions. (*Id*. at 15-19). Again, Defendant asserted that he agreed with the terms of the plea agreement, as stated. (*Id*. at 19-20). The Court then accepted Defendant's guilty plea. (*Id*. at 22).

A presentence investigation was ordered and a presentence investigation report was prepared. The PSR detailed that the Defendant must be imprisoned for at least 120 months even though the advisory guideline range was 100 to 125 months. (PSR at ¶ 57). In Defendant's

4

Position with Respect to Guideline Sentencing Factors, his counsel did not object to the advisory guideline range, but rather "agree[d] that because of the mandatory minimum …, the defendant must be imprisoned for 120 months." (Docket No. 173 at ¶ 57). The Court's Tentative Findings also referenced that Defendant remained subject to the 120-month mandatory minimum sentence, (Docket No. 177 at 6), yet Defendant did not contest this finding prior to sentencing. At Defendant's sentencing on May 3, 2011, Defendant advocated to the Court that ten years would be an appropriate sentence. (*See* Docket No. 179). Defendant was then sentenced to ten-years of imprisonment, as suggested by the parties' plea agreement. (*Id.*).

Later in 2011, the Third Circuit Court of Appeals first examined the applicability of the FSA to pre-passage offenders. *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011). The Court held that the FSA applies retroactively to defendants who were sentenced after the statute's enactment, even if the criminal conduct occurred before that time. *Id.* Shortly thereafter, the Supreme Court confirmed this holding regarding the FSA's retroactivity in *Dorsey v. United States,* 132 S.Ct. 2321 (2012).

Defendant then submitted his *pro se* Motion and Brief in Support of that motion on August 23, 2012. (Docket Nos. 195, 196). He claims that his sentence is contrary to the Supreme Court's recent decision in *Dorsey*, because he was not sentenced pursuant to the FSA, even though his sentencing occurred after its enactment. (Docket No. 196 at 1). Under the FSA, he alleges he should have been subject to only a five-year mandatory minimum at his sentencing. (Docket No. 196 at 4). He contends this potential five year difference amounts to a miscarriage of justice, which in turn should give the Court a substantial basis not to enforce his § 2255 waiver. (*Id.*). The Government does not dispute Plaintiff's contention that the Supreme Court's decision in *Dorsey* holds that Defendant should have been sentenced under the reduced penalties

5

of the FSA. (Docket No. 201 at 2). But, the Government argues that Defendant's motion is untimely, because it was not filed within the applicable one-year statute of limitations. (Docket No. 201 at 1). Further, the Government asserts that even if the motion is timely, Defendant's criminal history would produce a ten-year mandatory minimum term of incarceration under the FSA, thus eliminating Defendant's argument that there would be any difference in sentencing. (Docket No. 201 at 2-3). The Defendant has since filed a response to the Government's Motion in Opposition on November 14, 2012, (Docket No. 206), and the Government filed a sur-reply to Defendant's Motion on December 19, 2012, (Docket No. 209). As all briefing has concluded, Defendant's motion is ripe for disposition.

### III. LEGAL STANDARD

Petitioner filed the instant motion challenging his sentence under 28 U.S.C. § 2255(a), which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, a criminal defendant "is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution." *Hernandez v. United States*, Civ. A. No. 07–752, 2008 WL 3843510, at *2 (D.N.J. 2008).

In order for a district court to correct a criminal defendant's sentence pursuant to a § 2255 motion to vacate, it must find "that ... judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the [defendant] as to render

6

the judgment vulnerable to collateral attack." *Garcia v. United States,* 2008 WL 1375571, at *2 (D.N.J. Apr. 9, 2008) (internal quotation and citation omitted). A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *United States v. Davies,* 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *See United States v. Bohn,* 1999 WL 1067866, at *3 (E.D.Pa. 1999) (quoting *United States v. Frady,* 456 U.S. 152, 166, (1982)). The court is required to construe *pro se* pleadings liberally. *See United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight,* 2009 WL 275596, at *13 (W.D.Pa. 2009) (quoting *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000)).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld,* 957 F.2d 98, 102 (3d Cir.1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo,* 625 F.2d 465, 470 (3d Cir. 1980); *see also United States v. Lilly,* 536 F.3d 190, 195 (3d Cir. 2008). If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw,* 726 F.2d 115, 117 (3d Cir.1984).

> It long has been established that there is no federal constitutional right to counsel when mounting a collateral attack upon a criminal conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). While Rule 8 of the Rules Governing § 2255 Proceedings requires

7

> the appointment of counsel where an evidentiary hearing is warranted, *see also United States v. Bendolph,* 409 F.3d 155 (3d Cir. 2005), the decision to appoint counsel in a § 2255 proceeding otherwise is left to the discretion of the court. *See* 18 U.S.C. § 3006A(a)(2)(B). ("[w]henever ... the court determines that the interests of justice so require, representation may be provided" in a § 2255 proceeding) (emphasis added).

*United States v. Wilson,* 2011 WL 1877654, at n. 1 (W.D.Pa. 2011). The Court resolves the pending motion without holding a hearing because, for the reasons set forth *infra,* assuming Defendant's allegations as true, he is not entitled to the relief requested in his § 2255 petition.

### IV. DISCUSSION

Defendant's primary contention is that he should have been sentenced under the reduced penalties of the FSA and been subject to a mandatory minimum sentence of five years, as opposed to the ten-year mandatory minimum that was applied at his sentencing. (Docket 196 at 6-7). Defendant argues that enforcement of his § 2255 waiver would amount to a "miscarriage of justice" because he was sentenced to a mandatory minimum sentence of ten years under the prior statutory sentence. (*Id.* at 3-4). The Government responds that Defendant's motion is barred by the one-year statute of limitations set forth by 28 U.S.C. § 2555(f). (Docket 201 at 1). Even though the Government agrees with Defendant that the FSA applies to his sentence, it counters that the applicable FSA provisions would still provide Defendant with a 10-year mandatory minimum sentence due to his criminal history. (*Id.*). The Government further contends that enforcement of the collateral attack waiver will not cause a miscarriage of justice. (Docket No. 209 at 4).

   a. *Statute of Limitations*

§ 2255 motions are subject to a one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241–

66. *See* 28 U.S.C. § 2255(f); *Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). The relevant portion of the statute reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Both §§ 2255(f)(2) and (f)(4) are inapplicable to this case, so the Court will first apply § 2255(f)(1) to determine if Defendant's motion is time-barred. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *See United States v. Kimbrew*, 2010 WL 2773149 (W.D.Pa. 2010) (holding that pursuant to *Federal Rule of Appellate Procedure* 4(b)(1)(A), Petitioner had fourteen days from the date of his guilty plea to file a direct appeal or his sentence would become final). Defendant's sentencing occurred on May 3, 2011. (Docket No. 166). He then had fourteen days to file on direct appeal for the limited circumstances permitted by the plea agreement. He did not, and his judgment became final on May 17, 2011. Defendant filed his motion on August 23, 2012. (Docket No. 195). Thus, under § 2255(f)(1), Defendant's motion is barred by the statute of limitations, absent an exception to the application of the statute.

Defendant maintains his motion is timely pursuant to the exception under § 2255(f)(3). *See Dodd v. United States*, 545 U.S. 353 (2010) (holding that defendant had one year from the date of the Supreme Court's ruling on the applicable law to file his § 2255 motion). Defendant argues that he should have been sentenced under the FSA and that the Supreme Court's decision in *Dorsey* makes the FSA apply to anyone who was sentenced after August 3, 2010, even if his criminal act occurred prior to that date. 132 S.Ct. at 2336. *Dorsey* was issued on June 21, 2012 and Plaintiff maintains that the right to be resentenced under the FSA was "made retroactively applicable to cases on collateral review," triggering the exception under § 2255(f)(3). The Government counters that *Dorsey* does not implicate the exception at § 2255(f)(3). Although it appears that Defendant's one-year statute of limitations may have begun running from the date of *Dorsey's* decision pursuant to the § 2255(f)(3) exception, here, the Court need not resolve the issue because of our analysis of Defendant's collateral attack waiver.[1]

b. *Collateral Attack Waiver*

It is well-settled that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry,* 536 F.3d 231, 236 (3d Cir.2008) (citations omitted). A criminal defendant may effectively waive the right to file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in a plea agreement with the government. *Mabry,* 536 F.3d at 241; *see also United States v. Khattak,* 273 F.3d 557, 561 (3d Cir.2001) ("[t]he ability to waive statutory rights ... logically flows from the ability to waive constitutional rights."). The determination of whether the waiver is effective is a threshold issue and, if the waiver is effective, a criminal

---

[1] It appears that the Third Circuit has not resolved this disputed issue. The Court is aware that at least one district has held that *Dorsey* does not operate to toll the statute of limitations *See Ingram v. United States*, 2012 WL 6700193 (S.D.N.Y. Dec. 26, 2012) (holding that *Dorsey* did not apply and thus, § 2255(f)(3) did not extend statute of limitations because Defendant's crimes and sentencing both preceded the enactment of the FSA).

defendant is jurisdictionally barred from pursuing the habeas petition. *Mabry,* 536 F.3d at 242. A district court must determine the validity of the waiver by "specifically examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." *Id.* at 237. A criminal defendant has the initial "burden of presenting an argument that would render his waiver unknowing or involuntary" but the district court "has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." *Mabry,* 536 F.3d at 237–38 (citing *Khattak,* 273 F.3d at 563).

Turning to the first prong, Defendant has not argued or produced any evidence that his § 2255 waiver was made unknowingly or involuntarily. Defendant even acknowledges in his brief that he "agreed to waive certain appellate rights and the right to file a motion to vacate sentence pursuant to section 2255 of Title 28." (Docket No. 196 at 2). Based upon the Court's review of the record evidence before it, including the plea agreement, notes from the change-of-plea colloquy and the parties subsequent arguments at sentencing, it is clear that Defendant knowingly and voluntarily waived the right to file a § 2255 motion in his plea agreement. Thus, the first prong under *Mabry* has been established.

Defendant's arguments focus on the second prong, i.e., whether the enforcement of his § 2255 waiver constitutes a miscarriage of justice. It is well-settled that a miscarriage of justice occurs if it would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Corso,* 549 F.3d 921, 929 (3d. Cir. 2008). "This exception will be applied sparingly and without undue generosity." *United States v. Stabile*, 633 F.3d 219, 247 (3d Cir. 2011) (internal citations omitted). In so doing, the Court must apply "a common sense

approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *Mabry*, 536 F.3d at 242 (internal citations omitted). The Third Circuit Court of Appeals has cited specific examples of instances that may constitute a miscarriage of justice including: if enforcing a collateral attack waiver would bar a criminal defendant's appeal on grounds expressly preserved in the plea agreement; if counsel was ineffective in negotiating the very plea agreement which contained the waiver; or if the Government had violated the terms of the plea agreement. *Id.* at 243 (citing *United States v. Shedrick,* 493 F.3d 292, 303 (3d Cir. 2007).

The Courts of Appeals that have addressed the issue of whether the Court's imposition of a sentence under the prior version of § 841 rather than the FSA constitutes a miscarriage of justice have all concluded that such a sentence does not meet the standard. *See e.g. United States v. Harrison*, 699 F. 3d 158 (2d Cir. 2012), *cert. denied* 2013 WL 57557 (Jan. 7, 2013); *United States v. Stephens*, 2012 WL 4874857 (3d Cir. Oct. 16, 2012); *United States v. Thomas*, 481 Fed. Appx. 238 (5th Cir. 2012) (unpublished). The Court is most persuaded by the Second Circuit Court of Appeals decision in *Harrison* because the case featured almost identical factual circumstances to the instant case and said opinion analyzed the issue in the most detail. 609 F.3d 158. In *Harrison*, the plea agreement stipulated that the defendant would not appeal a sentence at or below 120 months' imprisonment, which was the statutory mandatory minimum sentence applicable at the time of his offense. *Id*. Even though under *Dorsey* and the reduced penalties of the FSA, the defendant would have been entitled to a more lenient penalty, because he did not challenge the validity of the waiver provision, his voluntary, knowing and intelligent assent to the terms of his plea agreement was enforceable and the Court upheld his sentence. *Id*. at 159. Additionally, the Third Circuit Court of Appeals has also enforced a defendant's § 2255 waiver

when the District Court failed to apply the FSA at sentencing. *Stephens*, 2012 WL 4874857. In making this decision, the Court considered whether or not to enforce his waiver "based upon the underlying crime, the sentence already imposed, the potential impact of resentencing and other mitigating and exacerbating factors." *Id*. at 2. A similar challenge to a § 2255 waiver was also enforced by the Fifth Circuit Court of Appeals in *Thomas*, 481 Fed. Appx. 238.

In this Court's estimation, and consistent with the aforementioned precedent, enforcing the collateral attack waiver in Defendant's plea agreement will not cause a miscarriage of justice. First, Defendant agreed that he was subject to the ten-year mandatory minimum sentence in his plea agreement with the Government. The sentence was imposed after thoughtful consideration of the parties' plea agreement whereby the Government made considerable concessions including foregoing the career offender enhancement and the filing of a § 851 information, both of which may have applied and significantly increased Defendant's potential sentence. (Plea Agreement at ¶(C)(1)(a)). Second, the Court will not upset the parties' thoughtful plea negotiations. *See United States v. Williams*, 510 F.3d 416, 422-423 (3d Cir. 2007) (holding that plea agreement is a bargained-for contract which will be enforced against both the Government and Defendant). Third, the United States Court of Appeals of the Third Circuit, Second Circuit and Fifth Circuit have expressly held that enforcement of a collateral attack waiver, despite *Dorsey* and the FSA, does not create a miscarriage of justice. *See, e.g.*, *Stephens,* 2012 WL 4874857; *Thomas*, 481 Fed. Appx. 238; *Harrison*, 699 F.3d 158. Fourth, and importantly, the ten-year mandatory minimum sentence was applied to both of Davis' co-defendants in this case, Purnell and Murphy. They, however, were sentenced before the FSA was enacted. Under *Dorsey* and the Court of Appeals' decision in *Dixon*, both remain subject to the ten-year mandatory minimum and are thus ineligible for relief under the FSA. Davis was only potentially eligible for

relief under the FSA because the Court granted his counsel numerous continuances for the filing of pretrial motions which allowed him to negotiate the plea agreement that was ultimately achieved here. Using the "common sense" standard set forth by *Mabry*, the Court finds there has been no miscarriage of justice. 536 F.3d at 242. Therefore, the Court will enforce the § 2255 waiver.

## V. CERTIFICATE OF APPEALABILITY

Further, as Defendant has waived his right to file the present motion, and the Court has declined to consider the merits of same, he has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2), and the Court finds that he is not entitled to a certificate of appealability on any of the claims asserted in his motion.

## VI. CONCLUSION

Based on the foregoing, Defendant's motion to vacate [195] is DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: January 24, 2013

cc/ecf: All counsel of record.

    Teddy V. Davis
    090887-068
    FCI Beckley
    P.O. Box 350
    Beaver, WV 25813